UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                          CASE NO. 3:09-cv-1286-J-34TEM

JAMES BLANCHARD,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

This matter is before the Court on the United States' Motion for Entry of Default Judgment (Doc. #13, Motion), filed December 8, 2010. The Motion was referred to the undersigned on December 9, 2010. To date, no response to the Motion has been filed. For the reasons stated herein, it is respectfully **RECOMMENDED** that Judgment enter against Defendant and in favor of the United States.

By way of background, the complaint in this action was filed on December 30, 2009 (Doc. #1, Complaint). On March 22, 2010, Defendant filed a motion to dismiss (Doc. #7). On November 12, 2010, the District Court entered an Order (Doc. #10) denying Defendant's motion to dismiss and directing Defendant to "respond to Plaintiff's Complaint on or before November 26, 2010" (Doc. #10 at 5) (*emphasis omitted*). No response was filed. A motion for entry of a Clerk's default was subsequently filed, and the default was entered on December 6, 2010 (*see* Docs. #11 and #12).

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to file a timely objection waives a party's right to a *de novo* review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Based on the posture of the case, the undersigned entered an Order to Show Cause on February 17, 2011 (Doc. #14). The Order directed Defendant to file a response addressing why the undersigned should not recommend to the District Judge that default judgment be entered against Defendant and in favor of the United States. Defendant was directed to respond by March 11, 2011 (Doc. #14 at 1). To date, no response has been filed.

A party's default is merely an admission of the facts cited in the complaint, which by themselves may or may not be sufficient to establish a defendant's liability. *Am. Res. Ins. Co., Inc. v. Evoleno Co., LLC*, No. 07-0035-WS-M, 2008 WL 4701350, at *3 (S.D. Ala. Oct. 23, 2008).[2] Before entering default judgment, the Court must ensure that it has jurisdiction over the claims, and that the complaint adequately states a claim for which relief may be granted. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). In this instance, the Court has previously determined that jurisdiction is proper and that the Complaint (Doc. #1) sufficiently states a claim for relief against Defendant (*see* Doc. #10 at 4-5). Even in the context of a default, however, the Court must determine whether there is a "legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

In the Complaint (Doc. #1), the United States alleges that Defendant owes the Department of Education $5,940.74 in principal and $8,054.10 in interest (Doc. #1). Attached to the Complaint is a Certificate of Indebtedness, sworn to under oath by a representative of the United States Department of Education (Doc. #1, Ex. A). The

---

[2]Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

Certificate states that Defendant executed a promissory note for a Federal Family Education Loan Program Consolidation Loan from Student Loan Marketing Association on December 16, 1992 (*see* Doc. #1, Ex. A).  The affiant represents that on January 26, 1993, the loan was disbursed to Defendant and, on March 21, 1995, Defendant defaulted on the loan obligation (Doc. #1, Ex. A).  Additionally, the affiant states that a guarantee agency paid Defendant's default in the amount of $5,940.74 (Doc. #1, Ex. A).  As the guarantor was unable to collect the entire amount due, it assigned its right and title to the Department of Education on April 25, 2003 (Doc. #1, Ex. A).  Since the assignment of the loan, Defendant has failed to make any payments (Doc. #1, Ex. A).

In the Certificate, the affiant concludes that, with the interest that has accrued on the loan, Defendant owes $13,679.90 as of May 20, 2009.[3]  Interest, however, continues to accrue at a rate of nine percent per annum, or $1.46 per day (Doc. #1, Ex. A).

Base on the foregoing, the undersigned finds that the evidence provided by the United States sufficiently establishes that entry of Default Judgment, in the amount provided herein, is appropriate.  Thus, it is hereby **RECOMMENDED**:

    1.    The United States' Motion for Entry of Default Judgment (Doc. #13) be **GRANTED**.

    2.    That Judgment be entered in favor of the United States in the amount of $14,510.46, plus interest at the rate of nine percent per annum from December 8, 2010 to the date of Judgment.

---

[3] In the Motion (Doc. #13), the United States concluded that, as of December 8, 2010, Defendant owes $14,510.46, plus interest at the rate of nine percent per annum (Doc. #13 at 8).

   3.    That the United States be awarded post-judgment interest at the legal rate established by Title 28, United States Code, Section 1961.

   **DONE AND ORDERED** at Jacksonville, Florida this 6th day of April, 2011.

Copies to all counsel of record
   and *pro se* Defendant

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge